UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
SHAKIM OWENS                                              16 CV 5634 (NGG)(SMG)

                     Plaintiff,                    **AMENDED COMPLAINT**

   -against-                                             **JURY DEMAND**

CITY OF NEW YORK, P.O. FRANK LASALA
(Shield No. 18360, P.O. MICHAEL KAHL
(Shield No. 8676), P.O. CHRISTOPHER WINIARZ
(Shield No. 5236) POLICE OFFICERS JOHN DOES

                     Defendants.
---------------------------------------------------------x

      Plaintiff, by his attorney, Law Office of Philip Akakwam, P.C., complaining of the defendants, City of New York, P.O. Frank LaSala (Shield No. 18360), P.O. Michael Kahl (Shield No. 8676, P.O. Christopher Winiarz (Shield No. 5236) and Police Officers "John Does (collectively "defendants"), upon information and belief alleges as follows:

## INTRODUCTION

      1. This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the laws and statutes of the City and State of New York].

      2. Plaintiff seeks monetary damages for: the false arrest, false imprisonment, and use of excessive force against plaintiff and otherwise, for the violation of his federally guaranteed constitutional and civil rights. Plaintiff seeks whatever other relief is appropriate and necessary in order to serve the interest of justice and assure that his remedy is full and complete.

**JURISDICTION**

3. The jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343[3] and [4] in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and under the Fourth and Fourteenth Amendments to the United States Constitution.

4. Jurisdiction is also invoked pursuant to and under 28 U.S.C. Section 1367, entitled Supplemental Pendent Party Jurisdiction.  Plaintiff invokes the court's pendent jurisdiction over any and all claims arising under the laws and Constitution of the State of New York.

5. Venue is proper in this district under 28 U.S.C. § 1391(b) because the acts in question occurred in Queens County, and the City of New York is subject to personal jurisdiction in the Eastern District of New York.

**PARTIES**

6. Plaintiff is a black male, and a resident of Brooklyn, Kings County, New York.

7. Defendant, City of New York (City) is a municipal entity existing under the laws and Constitution of the State of New York and was the public employer of the defendant police officers through its Police Department and the actions of the police officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

8. Upon information and belief and at all times relevant herein, Defendants P.O. Frank LaSala (Shield No. 18360), P.O. Michael Kahl (Shield No. 8676, P.O. Christopher Winiarz (Shield No. 5236) and Police Officers "John Does were and still are police officers employed by defendant City of New York.

9. The individual defendants are sued in their individual and official capacities.

**STATEMENT OF FACTS**

10. On or about January 7, 2016, at approximately 6:30 p.m., plaintiff was arrested at his home located 9521 75th Street, 2nd Floor, Brooklyn, New York without probable cause or justification.

11. At the date and time aforementioned, plaintiff had returned to his home to find that all his belongings had been removed from his room by his landlord and thrown out to the street.

12. Plaintiff had been having issues with his landlord over his tenancy of the one room that plaintiff was renting from the landlord. The landlord had threatened to evict plaintiff by self-help and without court order.

13. Upon finding out that his household goods including his bed, television sets, clothes, etc had been thrown out of his room by his landlord, plaintiff went to the landlord who lived in the apartment on the first floor and knocked on their door to ask why they had thrown his household items out without a court order.

14. Plaintiff told the landlord that if they did not return his household items to his room as soon as possible, he would call the police. Thereafter, plaintiff returned to his room on the 2nd floor of the building.

15. While plaintiff was inside his room with his cousin Kevin Jean Baptiste and his friend, Shadoul Cleveste, defendant police officers rushed into plaintiff's room, pounced on plaintiff and the other two people with him.

16. Plaintiff asked why he was being arrested and the officers told him that he was being arrested for 1st degree burglary.

17. Plaintiff explained to the officers that he lived there and that he had knocked at the

landlord's apartment to ask why they had thrown out his things in the street. He told them there had been no burglary.

18. And plaintiff showed the officers his photo identification, rental receipts, utility bills and mails bearing his name and address to convince them that he lived in the building.

19. Plaintiff tried to explain to the officers that he had not committed any crime but had been the victim of one in that his household belongings were removed from his room and discarded in the street without his consent.

20. Plaintiff further explained to them that he had tenancy disputes with the landlord who was trying to evict him by force without court order.

21. The defendant officers ignored plaintiff's explanations and failed to investigate his claims.

22. Notwithstanding plaintiff's explanation and the lack of evidence of any burglary, defendant officers arrested plaintiff and the two people who were with him in his room.

23. The officers grabbed and twisted plaintiff's arms and placed in handcuffs. The cuffs were so tight that plaintiff suffered severe pain therefrom for many days.

24. Plaintiff was searched by defendants officers who recovered no stolen property or contraband from him.

25. Thereafter, plaintiff and his friends were transported to the 102 precinct where he was processed and thrown into a holding cell.

26. Plaintiff was later transported to Central Booking where he was further detained in a holding cell.

27. Plaintiff was detained until about 10 p.m. the following day when he was released

without being charged or brought to a judge.

28. Defendants knew or ought to have known with reasonable inquiry that complainant was making false allegations against plaintiff to cover up for their unlawful attempt to evict plaintiff by self-help.

29. Defendant officers allowed the alleged complainants to use the criminal process to settle tenancy disputes.

30. Plaintiff did not engage in suspicious, unlawful or criminal activity prior to or during the above incidents.

31. That each and every officer involved in plaintiff's arrest knew and/or ought to have known that plaintiff did not commit any crime, and each officer had a realistic opportunity to intervene to prevent the harm detailed above from occurring. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

32. Plaintiff suffered physical injuries, including bruises on his wrists from the tightness of the handcuffs. Moreover, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, loss of liberty, psychological trauma, pain, financial loss and damage to reputation as a consequence of the defendants' unlawful conduct alleged herein.

33. Plaintiff suffered violations of his federally guaranteed constitutional and civil rights including rights guaranteed to them under the Fourth, Eight and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

34. Defendant Officers acted together and in concert sanctioning and ratifying and otherwise condoning the wrongful actions being taken by each of the defendant Officers in a

collective manner and fashion.

35. Plaintiff has no other adequate remedy at law but for this action.

## AND AS FOR A FIRST CAUSE OF ACTION:
## 42 U.S.C. § 1983 - FALSE ARREST AND IMPRISONMENT

36. Plaintiff reiterates paragraphs 1 through 35 and incorporates such by reference herein.

37. By their conduct under color of law, defendant officers deprived plaintiff of his constitutional right to be free from false arrest and false imprisonment.

38. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## AND AS FOR A SECOND CAUSE OF ACTION:
## 42 U.S.C. § 1983 - UNREASONABLE AND EXCESSIVE FORCE

39. Plaintiff reiterates paragraphs 1 through 38 and incorporates such by reference herein.

40. During the arrest of plaintiff, defendant officers, at times independently and at times in concert, subjected plaintiff to unlawful use of excessive force in that they slammed plaintiff to the ground.

41. Also, defendant officers maliciously, gratuitously, and unnecessarily grabbed and twisted plaintiff's arms, and subjected plaintiff to excessively tight handcuffs.

42. By their conduct under color of law, defendant officers deprived plaintiff of his constitutional right to be free from excessive and unreasonable force.

43. As a direct and proximate result of the misconduct detailed above, plaintiff sustained the damage herein before stated.

**AND AS FOR A THIRD CAUSE OF ACTION:**
**42 U.S.C. § 1983 - FAILURE TO INTERCEDE**

44. Plaintiff reiterates paragraphs 1 through 43 and incorporates such by reference herein.

45. The defendant officers each had opportunities to intercede on behalf of plaintiff to prevent the excessive use of force and unreasonable seizure but due to their intentional conduct or deliberate indifference declined or refused to do so.

46. As a direct and proximate result of the misconduct detailed above, plaintiff sustained the damage herein before stated.

**AND AS FOR A FOURTH CAUSE OF ACTION**

**(Monell/42 U.S.C. Section 1983: Claim Against Defendant City of New York)**

47. Plaintiff reiterates paragraphs 1 through 46 and incorporates such by reference herein.

48. The actions taken against plaintiff by the defendant Officers herein were propelled by a policy and practice of the City of New York which favors initial complainants over later complainants without giving primary regard to the particular facts and totality of circumstances involved in the case, and which assumes that the original complainant was the victim. This policy causes persons who are named as wrongdoers in the first-filed complaint to be arrested, detained and prosecuted without proper police investigation of evidence potentially favorable to the later complainants.

49. The actions taken against plaintiff by the defendant Officers herein were further propelled by a policy and practice of the City of New York which deprives arrestees of their right to have their cross-complaints entertained and investigated on the same basis as the original complaints.

50. Also, the foregoing violations of plaintiff's federal constitutional rights and resultant injuries were directly and proximately caused by conduct, chargeable to defendant City, amounting to deliberate indifference to the constitutional rights of persons, including plaintiff, who are investigated, arrested, or prosecuted for alleged criminal activities.

51. Defendant City failed to provide proper training and/or failed to insure that the training provided was adequately understood in regard to the following tasks which police officers commonly perform:

    (a)    The determination of probable cause to make an arrest;

    (b)    The duty to take into account the totality of the circumstances in determining the existence of probable cause to make an arrest;

    (c)    The duty to properly review any exculpatory evidence that may exonerate an accused person.

52. Defendant City, acting through the NYPD, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when there is probable cause for such arrest.

53. The policymaking officials at NYPD know or ought to have known that such issues that regularly arise in the investigation and prosecution of criminal cases either present police employees with difficult choices of the sort that instruction, training and/or supervision will make less difficult or that the need for further instruction, training, supervision and/or discipline

was demonstrated by a history of police employees mishandling such situations and making the wrong choices.

54. As a direct and proximate result of the City's policies and deliberate indifference, defendants violated plaintiff's constitutional rights causing plaintiff to suffer damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

i. For compensatory damages in an amount to be determined at trial - against all defendants, jointly and severally;

ii. For punitive damages against the individual defendants in an amount to be determined at trial;

iii. For reasonable attorneys' fees, together with costs and disbursements of this action, pursuant to 42 U.S.C. § 1988 and to the inherent powers of this Court;

iv. For pre-judgment interest as allowed by law; and

v. For such other and further relief as the court deems just and proper.

Dated: Brooklyn, New York
　　　　March 6, 2017

　　　　　　　　　　　　　　　　　　LAW OFFICE OF PHILIP AKAKWAM, P.C.

　　　　　　　　　　　　　　　　　　By:　　　　　／s／
　　　　　　　　　　　　　　　　　　Philip Akakwam, Esq.
　　　　　　　　　　　　　　　　　　Attorneys for the Plaintiff
　　　　　　　　　　　　　　　　　　303 Livingston Street, 2nd Floor
　　　　　　　　　　　　　　　　　　Brooklyn, N.Y. 11217
　　　　　　　　　　　　　　　　　　(718) 858-2488

Index No. 16 CV 5634 (NGG)(SMG)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SHAKIM OWENS

                Plaintiff,

   -against-

CITY OF NEW YORK, P.O. FRANK LASALA
(Shield No. 18360, P.O. MICHAEL KAHL
(Shield No. 8676), P.O. CHRISTOPHER WINIARZ
(Shield No. 5236) POLICE OFFICERS JOHN DOES

                Defendants.

---

**AMENDED COMPLAINT**

---

LAW OFFICES OF PHILIP AKAKWAM, P.C.
Attorneys for Plaintiff(s)
Office and Post Office Address
303 Livingston Street, 2nd Floor
Brooklyn, N.Y. 11217
(718) 858-2488

---

TO:

---

Service of a copy of the within is hereby admitted.

Dated:

_____